Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CAGUAS representado por su Honorable Alcalde, William E. Miranda Torres<br><br>Peticionario<br><br>v.<br><br>RAFAEL PÉREZ PADÍN, y otros<br><br>Recurridos | KLCE202401261 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: CG2023CV00234<br><br>Sobre: Expropiación forzosa |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

Comparece ante este Tribunal de Apelaciones, el Municipio Autónomo de Caguas (el Municipio o el peticionario), mediante recurso de *certiorari* de epígrafe y nos solicita la revisión de cuatro (4) órdenes dictadas por el Tribunal de Primera Instancia, Sala Superior de Caguas (el TPI), los días 1, 7, 16 y 21 de octubre de 2024, notificadas los días 4, 7, 22 y 29 del mismo mes y año, respectivamente.

Por los fundamentos que exponemos a continuación, desestimamos el presente recurso de *certiorari* por falta de jurisdicción por su presentación tardía.

### I.

El 25 de enero de 2023, el Municipio presentó una *Demanda* sobre expropiación forzosa contra la parte recurrida de epígrafe.[1] Tras varias incidencias procesales, el 1 de octubre de 2024,

---

[1] Véase, Apéndice del Recurso, a las págs. 5-9.

Número Identificador
RES2024 _____

notificada el 4 de octubre siguiente, el foro primario emitió una *Orden*, en la que: (1) le anotó la rebeldía a la parte recurrida; (2) concedió un término de treinta (30) días al Municipio para que sometiera una tasación revisada de la propiedad y, (3) dispuso de un término de diez (10) días para que el peticionario consignara la justa compensación del inmueble en cuestión.[2]

Inconforme, el 7 de octubre de 2024, el Municipio presentó un escrito intitulado *Moción en Cumplimiento de Orden y en Reconsideración*.[3] A grandes rasgos planteó que, al calcular la justa compensación de la propiedad, se debía restar la deuda por concepto de contribuciones sobre la propiedad al valor de la tasación. Por otro lado, sostuvo que no venía obligado a consignar la justa compensación hasta tanto la parte demandada compareciera al pleito. Junto a su moción, presentó la valorización revisada según le fue requerida.[4]

En la misma fecha, el tribunal *a quo* emitió una *Orden* declarando *No Ha Lugar* a la referida solicitud.[5] El foro primario consignó que la deuda del CRIM quedaba cancelada, una vez el municipio adquiere el dominio de la propiedad. Adicionalmente, dispuso que la tasación presentada era de más de dos (2) años, por lo que reiteró que se debía presentar una tasación actualizada dentro del término concedido.

En el ínterin, el 16 de octubre de 2024, notificada el 22 de octubre siguiente, el TPI emitió una *Orden*, concediendo un nuevo término de cinco (5) días al Municipio para consignar la justa compensación de la propiedad.[6]

---

[2] *Íd.*, a la pág. 1.
[3] *Íd.*, a las págs. 79-84.
[4] Cabe señalar que la tasación no fue incluida como parte del Apéndice del Recurso. Tomamos conocimiento judicial a través del expediente electrónico del caso CG2023CV00234 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 58.
[5] Véase, Apéndice del Recurso, a la pág. 2.
[6] *Íd.*, a la pág. 3.

Así las cosas, el 21 de octubre de 2024, el peticionario instó una *Segunda Moción en Cumplimiento de Orden y en Reconsideración.*[7] En esencia, el Municipio reprodujo los argumentos esbozados en la solicitud de reconsideración presentada el 7 de octubre de 2024. Asimismo, incluyó copia de la tasación actualizada.[8]

El mismo 21 de octubre de 2024, notificada el 29 de octubre siguiente, el tribunal primario emitió una *Orden,* declarando que "No procede una segunda reconsideración".[9] Además, el TPI concedió un nuevo término de veinte (20) días para consignar la justa compensación, por la suma de $51,961.44.

Inconforme, el peticionario acude ante este foro apelativo imputándole al tribunal primario haber incurrido en los siguientes errores:

> a. EL TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ UN ERROR AL NO CONSIDERAR PARA ESTABLECER LA BASE DE LA JUSTA COMPENSACIÓN, LA TASACIÓN ORIGINAL Y REVISADA PRESENTADA AL MOMENTO DE LA RADICACIÓN DE LA [DEMANDA] DE EXPROPIACIÓN; EL FORO RECURRIDO INCIDIÓ AL SOLICITARLE A LA PARTE DEMANDANTE UNA NUEVA TASACIÓN SIN FUNDAMENTOS LEGALES QUE LO JUSTIFICARAN.
>
> b. EL TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ UN ERROR AL NO DESCONTAR EL VALOR DE LA PROPIEDAD LA DEUDA EXISTENTE POR CONCEPTO DE CONTRIBUCIONES DE LA PROPIEDAD INMUEBLE, AL MOMENTO DE ESTABLECER LA JUSTA COMPENSACIÓN A SER CONSIGNADA.

Examinado el expediente y al tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).

---

[7] *Íd.,* a las págs. 85-93.
[8] La tasación actualizada tampoco forma parte del Apéndice del Recurso de *certiorari.* Véase, Entrada Núm. 60 del expediente electrónico en el SUMAC.
[9] Véase, Apéndice del recurso, pág. 4.

## II.

**Auto de *Certiorari***

Todo recurso de *certiorari* presentado ante nuestra consideración debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 52.1. En apretada síntesis, la referida norma dispone que el recurso de *certiorari* solamente será expedido para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, al amparo de las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.[10]

A su vez, aún cuando un asunto esté comprendido dentro de las materias que podemos revisar, de conformidad con la Regla 52.1 de las de Procedimiento Civil, *supra*, previo a ejercer debidamente nuestra facultad revisora sobre un caso, es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari*. *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan. *I.G. Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).[11] Así, pues, se ha

---

[10] No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

[11] Citas omitidas.

considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[12]

A estos efectos, la Regla 40 de nuestro Reglamento, *supra,* enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR,* supra. Dicha regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de

---

[12] Citas omitidas.

instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo, y por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. 4 LPRA Ap. XXII-B, R. 83. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314 (1997).

En *Abrams Rivera v. E.L.A.*, 178 DPR 914 (2010), el Tribunal Supremo de Puerto Rico destacó la importancia de identificar adecuadamente los dictámenes del TPI, pues aplican diferentes plazos para acudir a los foros apelativos. En lo aquí pertinente, expresó:

> [...] De tratarse de una sentencia parcial, las partes tienen un término jurisdiccional de sesenta días para presentar el recurso de apelación ante el Tribunal de Apelaciones y **de tratarse de una resolución interlocutoria aplica el término de cumplimiento estricto de treinta días**. Reglas 53.1(c) y 53.1(e) de Procedimiento Civil, 32 L.P.R.A. Ap. III. **Esta diferencia sigue siendo vital, según las Reglas de Procedimiento Civil de 2009**. *Íd.*, a la 929.

Resulta menester advertir que la Regla 53.1 fue eliminada al aprobarse las nuevas reglas de Procedimiento Civil de 2009. Al respecto, el Comité para la Evaluación de las nuevas reglas señaló lo siguiente:[13]

> El Comité consideró que la Ley de la Judicatura le confiere plena facultad al Tribunal Supremo para aprobar reglamentos que regulen los procedimientos para recurrir al Tribunal de Apelaciones y al Tribunal Supremo, y determinó que las reglas relativas a la presentación de una apelación, certiorari, certificación u otros **no deben estar incluidas con las reglas** que regulan los procedimientos ante el Tribunal de Primera Instancia. Como resultado de ello, se mantuvo la Regla 52 como una de carácter general y **se eliminaron las Reglas 53 y 54 ya que lo expuesto en éstas está comprendido en el Reglamento del Tribunal de**

---

[13] Véase, *Informe de Reglas de Procedimiento Civil*, Vol. I, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, diciembre de 2017.

**Apelaciones**, 4 L.P.R.A. Ap. XXII -B, y en el Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-A. [Énfasis nuestro]

De este modo, la Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), establece el término de **cumplimiento estricto** de **30 días** para presentar el recurso de *certiorari* solicitando la revisión de resoluciones u órdenes emitidas por el TPI. Por su parte, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(A), establece un término jurisdiccional **de 60 días**, pero el mismo aplica **a los recursos de apelación** en los cuales el Estado Libre Asociado, municipios, sus funcionarios o instrumentalidades son parte. Véase *Morales et als. v. Marengo et al.*, 181 DPR 852, 861 (2011).

De igual manera, la actual Regla 52.2(c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(c), establece los términos que tiene el Estado Libre Asociado, los municipios, sus funcionarios o sus instrumentalidades, para presentar recursos de apelación *certiorari*. La referida Regla dispone:

> [...]
>
> (c) *Recursos de apelación o certiorari cuando el Estado Libre Asociado es parte.*—En aquellos casos en que el Estado Libre Asociado de Puerto Rico, y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el **recurso de *certiorari* para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recurso de apelación**, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, **dentro del término jurisdiccional de sesenta (60) días** contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida.
>
> Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

De una lectura del citado inciso surge que el término jurisdiccional de sesenta (60) días es para acudir ante esta *Curia*

mediante **recursos de apelación** con el fin de revisar **sentencias del TPI**. Igual plazo establece para acudir al Tribunal Supremo de Puerto Rico para revisar mediante **recurso de *certiorari* las sentencias o resoluciones de este tribunal intermedio emitidas en recursos de apelación.** Ahora bien, es de notar que en el referido inciso (c) no se incluyó la **revisión de las resoluciones interlocutorias emitidas por el TPI.** El término disponible para ello **solo se encuentra en el inciso (b)** de la referida Regla 52.2, *supra,* que establece que el término disponible para presentar un recurso de *certiorari* ante el Tribunal de Apelaciones es de **30 días y es de cumplimiento estricto**.

Cónsono con lo anterior, y en un ejercicio de hermenéutica legal, forzoso es concluir que el término para acudir en revisión de un dictamen interlocutoria del TPI, por cualquier parte litigante, ante este foro apelativo es de treinta (30) días, contados a partir del archivo en autos de copia de la notificación de la resolución u orden interlocutoria. Dicho término es de cumplimiento estricto, debiendo la parte que incumple con el término **demostrar justa causa** por el incumplimiento del mismo. Reiteramos que el citado término le es aplicable al ELA, sus municipios, funcionarios o instrumentalidades, a diferencia de los recursos de apelación, en que se le concede sesenta (60) días para su presentación.

Como es sabido, los términos de cumplimiento estricto, distinto a los términos jurisdiccionales, se pueden prorrogar, pero la parte debe exponer ante los tribunales la justa causa por la cual no puede cumplir dentro del término reglamentario. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). En otras palabras, los tribunales carecen de discreción para extender automáticamente los términos de cumplimiento estricto. *Íd.* La parte que actúa tardíamente debe acreditar las circunstancias específicas que demuestran la justa causa y permiten la extensión del término. *Íd.*

Para ello, el Tribunal Supremo ha expresado que no basta con expresiones generales, sino que deben ser explicaciones concretas. *Íd.*; *Berríos Román v. E.L.A.*, 171 DPR 549, 562 (2007).

**III.**

En principio, nos corresponde auscultar si tenemos jurisdicción para atender el presente recurso debido a que, por ser materia privilegiada, debemos atenderla con preferencia sobre cualquier otra cuestión planteada. *S.L.G. Szendrey-Ramos v. F. Castillo,* supra; *Morán v. Martí,* supra; *Vega et al. v. Telefónica,* supra.

Según es sabido, una parte puede acumular varias determinaciones interlocutorias del foro primario en un mismo recurso apelativo, siempre y cuando se presente **oportunamente**. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 321 (2017). De conformidad a nuestro ordenamiento jurídico, **cualquier parte litigante** goza de un término de **treinta (30) días** para solicitar la revisión de órdenes interlocutorias emitidas por el TPI. Dicho término es uno de cumplimiento estricto, y comienza a transcurrir a partir del archivo en autos de copia de la notificación de la determinación.[14]

En el presente caso, el Municipio recurre de cuatro (4) órdenes emitidas por el TPI, notificadas los días 4, 7, 22 y 29 de octubre de 2024. De conformidad a lo antes reseñado, el peticionario tenía hasta los días 4, 7, 22 y 29 de noviembre de 2024 para solicitar la revisión correspondiente de cada una de ellas. Empero, el Municipio presentó su recurso de *certiorari* el 20 de noviembre de 2024. Esto es, dentro del término para recurrir de las órdenes notificadas el 22 y el 29 de octubre de 2024; pero **luego de los treinta (30) días de**

---

[14] Véase, Regla 32 (D) de nuestro Reglamento, *supra,* y la Regla 52.2 de las de Procedimiento Civil*, supra.*

**cumplimiento estricto para acudir ante nuestra consideración en cuanto a las órdenes notificadas el 4 y 7 de octubre siguiente.**

En su recurso, el peticionario no alega justa causa para la dilación en la presentación oportuna con respecto a dichas órdenes.[15] En vista de ello, resulta forzoso concluir que **el Municipio no presentó su recurso de manera oportuna con respecto a las órdenes notificadas el 4 y el 7 de octubre de 2024**, **por lo que no tenemos jurisdicción para entrar en sus méritos**. Consecuentemente, **solo podemos atender los asuntos relacionados a las órdenes notificadas el 22 y el 29 de octubre de 2024**. Ahora bien, de una lectura del expediente, observamos que los errores señalados por el Municipio están directamente vinculados a las determinaciones notificadas el 4 y el 7 de octubre de 2024. Veamos.

En su primer señalamiento de error, el Municipio sostiene que el foro primario incidió al no considerar la tasación original para establecer la base de la justa compensación y al solicitar una nueva tasación, sin fundamento legal que lo justificara.

Conforme reseñado, en la *Orden* emitida el 1 de octubre de 2024 y notificada el 4 de octubre siguiente, el foro primario concedió un término de treinta (30) días al Municipio para que presentara una tasación revisada. El 7 de octubre de 2024, junto a su primera solicitud de reconsideración, el Municipio presentó una tasación revisada. No obstante, mediante la *Orden* emitida y notificada en ese mismo día, el tribunal *a quo* señaló que la tasación sometida tenía más de dos (2) años, por lo que reafirmó que se debía presentar una tasación actualizada en el término concedido. Del expediente no surge que el Municipio haya solicitado la reconsideración de dichos dictámenes en cuanto al requerimiento en cuestión. Por el contrario,

---

[15] Véase, *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560 (2000).

observamos que el Municipio presentó la tasación actualizada junto a su segunda moción de reconsideración.

A esos efectos, además de ser un planteamiento académico, el asunto está directamente relacionado con las órdenes notificadas el 4 y 7 de octubre de 2024, sobre las cuales ya hemos determinado que carecemos de jurisdicción. De manera que, estamos impedidos de atender el primer señalamiento de error.

Advertimos que, aún en el supuesto de que el peticionario hubiese comparecido oportunamente de las órdenes del 4 y el 7 de octubre de 2024, este tribunal estaría igualmente impedido de atender el señalamiento de error en cuestión. Según es sabido, para satisfacer los requisitos para el perfeccionamiento de los recursos presentados ante esta *Curia*, la parte debe incluir una discusión de los errores señalados junto a las disposiciones de ley y la jurisprudencia aplicable. Regla 16 (C)(1)(f) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. En su recurso de *certiorari*, el Municipio se limitó a realizar el señalamiento de error, mas no incluyó una discusión adecuada sobre el mismo; lo que también nos impide su revisión.

En su segundo señalamiento de error, el Municipio alega que el TPI incidió al no descontar la deuda del CRIM del valor de la propiedad al momento de establecer la justa compensación. De una evaluación detallada del expediente, observamos que dicho argumento fue formulado ante el foro primario a través de la primera solicitud de reconsideración presentada el 7 de octubre de 2024. Dicha solicitud fue denegada mediante la *Orden* emitida y notificada el mismo 7 de octubre de 2024. Posteriormente, el 21 de octubre siguiente, el Municipio presentó una segunda moción de reconsideración. No obstante, esta no interrumpió el término para recurrir ante este foro revisor. Recordemos sobre este particular, que el foro *a quo* expresó en la *Orden* del 21 de octubre de 2024,

notificada el 29 de octubre siguiente, que no procede una segunda reconsideración.

Segundo, es sabido para que una segunda moción de reconsideración interrumpa el término para acudir ante este foro intermedio, se debe demostrar que el dictamen impugnado fue alterado sustancialmente como consecuencia de la moción de reconsideración anterior, independientemente de quien la haya presentado. *Colon Burgos v. Marrero Rodriguez*, 201 DPR 330, 341-42 (2018).

Tal circunstancia no está presente en el caso de epígrafe, por lo que el término para recurrir ante este foro –en cuanto al asunto contenido en el segundo señalamiento de error– comenzó a transcurrir a partir de la denegatoria de la primera reconsideración presentada. Esto es, a partir de la notificación de la *Orden* del 7 de octubre de 2024. Sin embargo, como ya hemos resuelto, el Municipio acudió tardíamente en relación a dicha orden. Así pues, también carecemos de jurisdicción para atender el segundo señalamiento de error.

Finalmente, cabe señalar que, como parte de su recurso, el Municipio argumenta que la justa compensación de la propiedad no debe ser consignada hasta tanto la otra parte comparezca. No obstante, resulta meritorio señalar lo siguiente. En primer lugar, apuntalamos que dicho asunto no fue incluido como parte de los errores señalados en el recurso. Debemos tener presente que, de conformidad a la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, los recursos de *certiorari* deben contener, entre otros, "un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia." *Íd.*

En segundo lugar, advertimos que dicho argumento fue formulado ante el foro primario como parte de las reconsideraciones presentadas por el peticionario. Habiendo resuelto que carecemos

de jurisdicción para atender la denegatoria de la solicitud de reconsideración, y que la segunda reconsideración no interrumpió el término para acudir ante este foro apelativo, tampoco tenemos jurisdicción para atender el referido asunto.

A tenor con todo lo anterior, concluimos que estamos ante un recurso tardío sobre el cual carecemos de jurisdicción para considerarlo en sus méritos. Reiteramos que, en su recurso de *certiorari,* el peticionario no adujo explicación alguna que acredite la justa causa necesaria para prorrogar el término de cumplimiento estricto para la presentación del recurso. En este sentido, al palio de nuestra Regla 83, *supra,* procede su desestimación.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso de *certiorari* por falta de jurisdicción ante su presentación tardía. La juez Lebrón Nieves concurre sin opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones